MARY FINCH, appellant, *v.* WILLIAM T. BROWN, Clerk of the County Commissioners' Court of Madison County, appellee.

### *Appeal from Madison.*

A. purchased at a tax sale in June, 1844, certain tracts of land belonging to B. who died in February, 1846. On the 26th day of October of the latter year, the widow of B. applied to the Clerk of the County Commissioners' Court for leave to redeem the lands, which was denied. She then applied to the Circuit Court for a *mandamus.* A demurrer to her petition was interposed and sustained: *Held,* that she was not entitled to redeem the lands under the 38th section of the *"Act concerning the Public Revenue,"* approved Feb. 26, 1839, the period of redemption having passed; and *further,* that the 39th section applied only to lands owned by *femes covert* in their own right, of which they were so seized at the time of the sale.

PETITION for a *mandamus,* &c. in the Madison Circuit Court, at the         term 1846, the Hon. Gustavus P. Koerner presiding. There was a demurrer to the petition, which was sustained by the Court.

The substance of the petition is stated by the Court.

*W. Martin,* for the appellant, cited 6 Ohio, 204; 13 do. 75–9; Revenue Act of Feb. 1839.

*J. Gillespie,* for the appellee.

The Opinion of the Court was delivered by

TREAT, J.*    During the month of June, 1844, two tracts of land were sold under a judgment of the Madison Circuit Court, for the taxes due thereon for the year 1842. These lands, at the time of the sale, belonged to Joel Finch, who departed this life on the 19th of February, 1846, without having redeemed them. On the 26th of October, 1846, Mary Finch made application to the clerk of the County Commissioners' Court to redeem the lands, and for that purpose, presented satisfactory proof that she was the widow of

---

* WILSON, C. J. did not sit in this case.

Joel Finch, and tendered the requisite amount of money. The clerk refused the application. On a petition presenting the foregoing state of facts, she applied to the Circuit Court for a *mandamus* commanding the clerk to allow the redemption. The Court sustained a demurrer to the petition. That decision is assigned for error.

The lands were sold under the provisions of the "*Act concerning the Public Revenue,*" approved February 26th, 1839. The 38th section gives to the owner, his heirs or assigns, the right to redeem within two years from the day of sale. The redemption cannot take place under the provisions of this section, because the two years had expired before the application was made. If the petitioner has the right to redeem, it must be by virtue of the 39th section of the same Act, which declares that "lands and real estate, which, at the time of the sale, belonged to infants, *femes covert*, or lunatics, may be redeemed upon the terms specified in the preceding section, at any time within one year from the time the disabilities of such person shall cease to exist." The terms "*femes covert*" in this section must be understood as applying to married women, who, at the time of the sale, were seized of the land in their own right. The petitioner does not come within the provision. She bases her right to redeem solely on the ground, that she is the widow of the former proprietor. She does not claim to have had any other interest in the land at the day of sale, than the contingent right of dower, dependent on her surviving her husband. Whether that right was defeated by the sale for taxes is an important question, which we do not feel at liberty now to discuss or decide. It will more appropriately arise when she applies to have her dower assigned under the statute.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*